[Cite as *State v. Woods*, 2016-Ohio-4830.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 15-COA-036 |
| SHEENA M. WOODS | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Ashland County Court of Common Pleas, Case No. 15-CRI-048 |
| JUDGMENT: | Affirmed in part, Reversed in part, and Remanded |
| DATE OF JUDGMENT ENTRY: | July 5, 2016 |
| APPEARANCES: | |

For Plaintiff-Appellee

CHRISTOPHER R. TUNNEL
Ashland County Prosecutor
110 Cottage Street, Third Floor
Ashland, Ohio 44805

EMILY M. BATES
Assistant Prosecuting Attorney
110 Cottage Street, Third Floor
Ashland, Ohio 44805

For Defendant-Appellant

ERIN N. POPLAR
DANIEL D. MASON
Poplar & Mason, LLC
103 Milan Ave., Suite 6
Amherst, Ohio 44001

*Hoffman, J.*

**{¶1}** Defendant-appellant Sheena M. Woods appeals her conviction and sentence entered by the Ashland County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** Robert "John" Pleus, Jr. testified at trial he lived at 637 Cottage Street in Ashland. He and Appellant were in a relationship wherein they resided together at the Cottage Street residence. Appellant had a history of involvement with drugs. During the parties' relationship, Pleus came to have suspicions she was using again. Appellant would often leave for periods of extended time. Appellant entered treatment for drug abuse with ACCADA (Ashland County Counsel and Drug Abuse).

**{¶3}** In August of 2014, Pleus was sentenced to prison for committing domestic violence against Appellant. He was sentenced to a term of 180 days, with a two year period of probation. He served ninety days from November 14, 2014, until January 21, 2015, and was granted work release privileges.

**{¶4}** Pleus testified he and Appellant resumed their relationship after he was released. At one point Appellant left for a few days, and Pleus did not know where she was staying. Eventually, she called him to retrieve her from Newark, Ohio. Pleus learned she was using drugs

**{¶5}** In the beginning of March 2015, Pleus contacted the Ashland Police Department to report his van missing. While making the police report, Pleus reported other items missing, including checks, a gun, a tv and a computer. He then told the police of his suspicion of there being a meth lab in his basement. He stated he had suspicion

for a couple of days, and indicated he found items consistent with a meth lab, while "poking around in the basement" and making sure he didn't have anything illegal in the house due to his probation status.

{¶6} On March 13, 2015, Officer Craig Kiley inspected the area and observed a lithium battery, a bag, cold packs and a two liter bottle. Officer Kiley testified, based on his experience and training, those items were used in the use and manufacture of methamphetamine.

{¶7} During their investigation, officers learned Appellant purchased pseudoephedrine on December 15, 2014, from a local Discount Drug Mart pharmacy. Two accomplices made similar purchases on the same date.

{¶8} It was determined Appellant and her accomplices attempted to make methamphetamine in the attic of Appellant's home at 637 Cottage Street, Ashland, Ohio.

{¶9} Following the jury trial, the trial court convicted Appellant of the charges via Judgment Entry entered July 23, 2015. The trial court accepted the verdict of the jury and entered a finding of guilty as to Count One, illegal assembly or possession of chemicals for the manufacture of drugs, in violation of R.C. 2925.041(A), a felony of the second degree; and Count Two, illegal manufacture of drugs, in violation of R.C. 2925.04(A), a felony of the first degree.

{¶10} The trial court conducted a sentencing hearing on September 28, 2015. The trial court sentenced Appellant to four years in prison on Count One, illegal assembly or possession of chemical for the manufacture of drugs or complicity to the same, in violation of R.C. 2925.04(A)(1), a felony of the second degree. On Count Two, manufacture of drugs or complicity to the same, in violation of R.C. 2925.04(A), a felony of the first

degree, the trial court sentenced Appellant to five years in prison. The court imposed the sentences concurrently for a total aggregate prison term of five years. With regard to Count One, two of the four years, were imposed mandatorily, and with regard to Count Two, three of the five years were ordered mandatory. The trial court further imposed a fine of $7,500 on Count One and $10,000 on Count Two.

{¶11} On September 29, 2015, the trial court conducted a resentencing hearing. The trial court resentenced Appellant to a minimum mandatory term of three years on Count One pursuant to R.C. 2925.041(C)(2), and a minimum mandatory term of four years on Count Two. The trial court again ran the sentences concurrently for a total mandatory term of five years. The trial court memorialized the sentence via Judgment Entry entered September 30, 2015.

{¶12} Appellant appeals, assigning as error:

{¶13} "I. THE TRIAL COURT COMMITTED PLAIN ERROR AND ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT WHEN IT SENTENCED APPELLANT TO TWO SENTENCES FOR TWO ALLIED OFFENSES OF THE SAME IMPORT.

{¶14} "II. THE CONVICTION AGAINST THE APPELLANT FOR RECKLESSLY COMMITTING THE OFFENSES HEREIN WITHIN THE VICINITY OF A SCHOOL IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE OR IS BASED ON INSUFFICIENT EVIDENCE.

{¶15} "III. THE APPELLANT'S CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED TO HER SUBSTANTIAL PREJUDICE."

I.

{¶16} In her first assignment of error, Appellant maintains the trial court committed plain error in convicting her of both illegal assembly or possession of chemicals for the manufacture of drugs or complicity to the same and for the illegal manufacture of drugs or complicity to the same as the counts are allied offenses of similar import.

{¶17} Appellant maintains the trial court committed plain error in failing to merge the counts as allied offenses of similar import as there was no separate animus and no separate motivation.

{¶18} R.C. 2941.25, Multiple counts, states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶19} In *State v. Ruff,* 143 Ohio St.3d 114, 2015–Ohio–995, 34 N.E.2d 892, the Ohio Supreme Court revised its allied-offense jurisprudence,

1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors-the conduct, the animus, and the import.

2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

**{¶20}** The Court further explained,

A trial court and the reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant. In other words, how were the offenses committed? If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, and (3) the offenses were committed with separate animus or motivation.

* * *

An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

**{¶21}** Appellant was convicted of one count of illegal manufacture of drugs in violation of R.C. 2924.04,

(A) No person shall knowingly cultivate marihuana or knowingly manufacture or otherwise engage in any part of the production of a controlled substance.

**{¶22}** Appellant was also convicted of one count of illegal assembly or possession of chemicals used to manufacture controlled substance with intent to manufacture controlled substance in violation of R.C. 2925.041,

(A) No person shall knowingly assemble or possess one or more chemicals that may be used to manufacture a controlled substance in schedule I or II with the intent to manufacture a controlled substance in schedule I or II in violation of section 2925.04 of the Revised Code.

**{¶23}** In *State v. Carr*, Perry App. No. 15CA00007, 2016-Ohio-9, this Court addressed the issue raised by Appellant herein,

In the case at bar, it was clear when the police entered the home that methamphetamine had been manufactured inside the home. Carr admitted to manufacturing methamphetamine.

Plastic tubing, baggies, envelopes, plastic bottles, batteries, cold compact bags, aquarium rocks and coffee filters are not "chemicals" as required under R.C. 2925.041. None of the active ingredient such as pseudoephedrine[Footnote omitted] was found; rather, only the discarded boxes were recovered from the trash. In his statement to the police, Carr stated that other parties provided the necessary ingredients.

Just as a baker would need flour to "assemble" or "manufacture" a cake, it is scientifically impossible to manufacture methamphetamine without the raw chemical ingredients, such as pseudoephedrine. In other words, every time a person commences a "cook" he or she must necessarily possess the requisite raw chemical ingredients necessary to manufacture

the end product of crystal methamphetamine. Thus, a defendant must always "knowingly assemble or possess one or more chemicals that may be used to manufacture" methamphetamine with the "intent to manufacture."

If the police had entered the home and found, for example, 50 boxes of pseudoephedrine and nothing more, a case could be made for illegal assembly. It is not illegal to possess pseudoephedrine, but the unexplained possession of such a large amount would be circumstantial evidence. If the state can establish the mens rea of "with the intent to manufacture" a defendant can be convicted of assembly or possession in violation of R.C. 2925.041.

Applying the facts and viewing Carr's conduct in this case, illegal manufacture of drugs in violation of R.C. 2924.04 and illegal assembly or possession of chemicals used to manufacture controlled substance with intent to manufacture controlled substance in violation of R.C. 2925.041 did not cause separate, identifiable harm. Carr did not commit the offenses separately nor were the two offenses committed with separate animus or motivation. Carr's motivation and animus for obtaining and/or assembling the chemicals was to manufacture methamphetamine.

Accordingly, we find the assembly or possession of the chemicals and the manufacture of methamphetamine are allied offenses. *Accord, State v. Coleman,* 5th Dist. Richland No. 14–CA–82, 2015–Ohio–3907, ¶ 52; *See, State v. Davidson,* 5th Dist. Perry No. 12 CA 7, 2013–Ohio–194, ¶

47(applying the pre-*Ruff* allied offenses test set forth in *State v. Johnson,* 128 Ohio St.3d 153, 942 N.E.2d 1061, 2010–Ohio–6314); *State v. Stevenson,* 5th Dist. Perry No. 09CA16, 2010–Ohio–2060, ¶ 32 (applying the pre-*Ruff* allied offenses test set forth in *State v. Cabrales,* 118 Ohio St.3d 54, 886 N.E.2d 181, 2008–Ohio–1625 and finding the possession of chemicals and the engagement in any part of the production of drugs are allied offenses that do not have a separate animus); *State v. Collins,* 12th Dist. Clinton Nos. CA2010–12–021, CA2010–12–022, 2012–Ohio–430 (applying the pre-*Ruff* allied offenses test set forth in *State v. Johnson,* 128 Ohio St.3d 153, 942 N.E.2d 1061, 2010–Ohio–6314).

***

On the record in the case at bar, we find that Carr has demonstrated that he was convicted of allied offenses of similar import committed with the same conduct and with the same animus.

**{¶24}** The State concedes, pursuant to *Carr*, Appellant's sentences should merge in accordance with *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E. 2d 892.

**{¶25}** Accordingly, Appellant's first assignment of error is sustained.

II.

**{¶26}** In the second assignment of error, Appellant maintains her conviction on the specification for committing the charges in the vicinity of a school is against the manifest weight and sufficiency of the evidence as the state erred in adding the mens rea element of "recklessly" to the indictment.

**{¶27}** Appellant was convicted on both counts including the specification of committing the offenses within the vicinity of a school. The statute reads,

(P) An offense is "committed in the vicinity of a school" if the offender commits the offense on school premises, in a school building, or within one thousand feet of the boundaries of any school premises, regardless of whether the offender knows the offense is being committed on school premises, in a school building, or within one thousand feet of the boundaries of any school premises.

**{¶28}** The State mistakenly added the mens rea of recklessly to the indictment on both charges. However, we find such error to be harmless, as the specification provides for strict liability if the offense is committed within one thousand feet of the boundaries of any school premises, regardless of whether the offender knows the offense is being committed within one thousand feet of a school. The evidence set forth at trial demonstrates the counts were committed less than 700 feet from a school, and the evidence was not contradicted.

**{¶29}** Appellant's second assignment of error is overruled.

III.

**{¶30}** In the third assignment of error, Appellant argues she was denied the effective assistance of trial counsel as her trial counsel failed to object at sentencing to the imposition of sentences where the counts were allied offenses of similar import. Appellant further argues her counsel was ineffective in failing to object to her conviction of being in the vicinity of a school specification.

{¶31} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See, Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689, citing *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

{¶32} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶33} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶34} Based upon our analysis and disposition of Appellant's first assigned error, we find Appellant's argument with regard to counsel's failure to argue allied offenses moot.

{¶35} With regard to our analysis and disposition of Appellant's second assignment of error, we find Appellant has not demonstrated prejudice as a result of the alleged error.

**{¶36}** Appellant argues, "…Appellant's court-appointed counsel failed to move the Trial Court for an acquittal on that part of the indictment that sought to prove that the Appellant acted recklessly in committing her offenses in the vicinity of a school." Having previously determined the offense is a strict liability offense, we find Appellant cannot demonstrate prong two of *Strickland*.

**{¶37}** Appellant's third assignment of error is overruled.

**{¶38}** The judgment of the Ashland County Court of Common Pleas is affirmed in part, reversed in part, and remanded for resentencing in accordance with the law and this opinion.


By: Hoffman, J.

Farmer, P.J. and

Wise, J. concur