[Cite as *State v. Woods*, 2017-Ohio-5694.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| GEREMY WOODS | : | Case No. 16-COA-028 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 15-CRI-049


JUDGMENT:                         Affirmed in Part and
                                  Reversed in Part


DATE OF JUDGMENT:                 June 30, 2017


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CHRISTOPHER E. BALLARD                    CHRISTINA I. REIHELD
110 Cottage Street, Third Floor           P. O. Box 532
Ashland, OH  44805                        Danville, OH  43014

*Wise, Earle, J.*

{¶ 1} Defendant-appellant Geremy Woods appeals his conviction and sentence entered by the Ashland County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

FACTS AND PROCEEDURAL HISTORY

{¶ 2} In 2014, Robert Plues lived at 637 Cottage Street in Ashland with appellant's sister, Sheena Woods. Sheena had a history of involvement with drugs, specifically methamphetamine.

{¶ 3} In August of 2014, Plues was sentenced to 180 days in jail for committing domestic violence against Sheena. During his incarceration he had sporadic contact with Sheena, but understood that she was still living at 637 Cottage Street. The residence is within 1000 feet of a middle school.

{¶ 4} Plues was released from jail in early March of 2015. He returned home to find his van and Sheena missing. When she failed to return for more than a week, Plues contacted the Ashland Police Department to report the van missing. While making the police report, Pleus reported other items missing, including checks, a gun, a tv and a computer. He then told the police of his suspicion of there being a meth lab in his basement. He showed officers some trash bags he had found in a crawl space in his basement which contained "chemicals and bottles."

{¶ 5} Officer Craig Kiley inspected the area and observed a "peeled" lithium battery, cold packs, and a two liter bottle. Based on his training and experience, Officer Kiley knew these items were used in the manufacture of methamphetamine. Officer Kiley called Lieutenant Joel Icehour and Detective Brian Evans to the scene to assist.

{¶ 6} Officers photographed the scene and collected evidence. Additional items used to produce methamphetamine were found in the bags including rubber tubing. Portions of the tubing sent to the crime lab for testing tested positive for methamphetamine.

{¶ 7} Officers obtained pharmacy records which showed appellant purchased pseudoephedrine on December 15, 2014, from a Walmart pharmacy. On the same day, appellant's sister purchased pseudoephedrine from a Discount Drug Mart. Appellant later admitted to buying the pills, returning to the Cottage Street home to conduct a cook, helping his sister and uncle peel lithium batteries for the cook, and accepting money from his uncle in exchange for instructing his uncle on how to manufacture methamphetamine.

{¶ 8} The Ashland County Grand Jury later returned an indictment charging appellant with one count of illegal assembly or possession of chemicals for the manufacture of drugs, in violation of R.C. 2925.041(A), a felony of the second degree; one count of illegal manufacture of drugs, in violation of R.C. 2925.04(A), a felony of the first degree; and one count of possessing criminal tools in violation of R.C. 2923.24(A).

{¶ 9} Appellant waived his right to a jury trial and proceeded to a trial before the court on April 26, 2015. After hearing all the evidence, the trial court found appellant guilty of illegal assembly or possession of chemicals for the manufacture of drugs and guilty of illegal manufacture of drugs, but acquitted appellant of possessing criminal tools.

{¶ 10} On June 23, 2016, the trial court sentenced appellant to a mandatory three years incarceration for count one, illegal assembly or possession of chemicals for the manufacture of drugs, and a mandatory five years incarceration for count two, illegal manufacture of drugs. The court imposed the sentences concurrently for an aggregate

prison term of five years. The trial court further imposed a fine of $7,500 on count one and $10,000 on count two.

{¶ 11} On September 26, 2016, we granted appellant's motion for delayed appeal. Appellant now appeals, assigning as error:

I

{¶ 12} "THE TRIAL COURT ERRED BY FAILING TO MERGE APPELLANT WOOD'S CONVICTIONS FOR MANUFACTURE OF METHAMPHETAMINE AND ASSEMBLY OF CHEMICALS WITH INTENT TO MANUFACTURE METHAMPHETAMINE."

II

{¶ 13} "APPELLANT WOODS' SENTENCE WAS CONTRARY TO LAW AS THE TRIAL COURT BELIEVED THAT THE MINIMUM MANDATORY PRISON SENTENCE IN THIS MATTER WAS FIVE YEARS WHEN IT WAS ACTUALLY FOUR YEARS."

III

{¶ 14} "THE TRIAL COURT ERRED BY ORDERING APPELLANT WOODS TO PAY MANDATORY FINES WHERE APPELLANT WOODS HAD FILED AN AFFIDAVIT OF INDIGENCE BEFORE THE SENTENCING HEARING AND EVIDENCE IN THE RECORD ILLUSTRATED THAT HE IS INDIGENT AND UNABLE TO PAY THE MANDATORY FINES.

IV

{¶ 15} "APPELLANT WOODS' CONVICTION FOR MANUFACTURE OF METHAMPHETAMINE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I, II, III

{¶ 16} Because they involve the same resolution, we address appellant's first three assignments of error together.

{¶ 17} In his first assignment of error, appellant argues the trial court committed plain error when it convicted him of both illegal assembly or possession of chemicals for the manufacture of drugs and for the illegal manufacture of drugs as the counts are allied offenses of similar import.

{¶ 18} This court has previously determined that illegal assembly or possession of chemicals for the manufacture of drugs and illegal manufacture of drugs are allied offenses of similar import. The state concedes this argument pursuant to our decisions in *State v. Carr*, 5th Dist. Perry No. 15CA00007, 2016-Ohio-9 and *State v. Woods*, 5th Dist. Ashland No. 15-COA-036, 2016-Ohio-4830.

{¶ 19} Accordingly, appellant's first assignment of error is sustained.

{¶ 20} In his second assignment of error, appellant questions whether the trial court understood the mandatory minimum sentences in this matter, and in his third assignment of error, appellant challenges the imposition of mandatory fines given his alleged indigent status. Because our resolution of appellant's first assignment of error requires remand for resentencing, we find appellant may raise these concerns at the resentencing and we decline to reach them at this juncture.

IV

{¶ 21} In his final assignment of error, appellant argues his conviction for illegal manufacture of drugs is against the manifest weight of the evidence. We disagree.

{¶ 22} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶ 23} Appellant was convicted of illegal manufacture of drugs, in violation of R.C. 2925.04(A). That section prohibits knowingly manufacturing or otherwise engaging in any part of the production of a controlled substance.

{¶ 24} The record contains sufficient evidence that appellant purchased pseudoephedrine and then participated in the methamphetamine cook. As this court has

repeatedly held, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

{¶ 25} The fourth assignment of error is overruled.

{¶ 26} The judgment of the Ashland County Court of Common Pleas is affirmed in part, reversed in part, and remanded for resentencing in accordance with the law and this opinion.

By Wise, Earle, J.

Delaney, P.J. and

Hoffman, J. concur.

EEW/sg 606